**H. G. ROBERTS and O. H. Roberts, Appellants,**

v.

**Mrs. Agnes H. MARSH, Appellee.**

**No. 12254.**

United States Court of Appeals, Sixth Circuit.

Feb. 24, 1955.

Lowell W. Taylor, Memphis, Tenn., Ewell Weakley, Dyersburg, Tenn., on brief, for appellants.

W. Wright Mitchell, Memphis, Tenn., Taylor & Taylor, Memphis, Tenn., on brief, for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The district court entered judgment in favor of the appellee real estate agent against the appellant brothers for real estate commission in the amount of $6,000, with interest thereon. After thoughtful consideration of the findings of fact and conclusions of law filed by the district judge, we have reached the conclusion that the judgment should be reversed. We deem it unnecessary to indulge in discussion of the various negotiations and correspondence between the parties for the reason that we find from the record as a whole that the real estate agent did not bring the appellants, as purchasers, into substantial agreement with the purported sellers as to the terms of the sale of the real estate involved.

The appellants were aware that there was a $15,000 mortgage on one of the properties which they were to accept in trade as a part of the consideration for their pending deal; but, until the trade was about to be closed, they were not told that the mortgage of approximately $15,000, principal and interest, on the property was past due and must be paid immediately. Upon ascertainment of this fact, the purchasers did not desire to consummate the trade and did not do so.

The district court considered that the fact that the mortgage was past due presented no stumbling block to consummation of the deal, for the reason that appellants were able to pay off the mortgage, or to place another mortgage on the property in all probabilities at a lower rate of interest, in view of their connections and financial standing. Even so, we think it was clearly erroneous to hold that they were bound to accept this property under conditions varying materially from those upon which they had relied in the final negotiations. We think that appellee, as a real estate agent, did not effectuate a meeting of minds of the parties upon the material terms of an agreement to buy and sell real estate.

Accordingly, the judgment of the district court is reversed and the case is dismissed.